Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-396-KSF

ERIC SNODGRASS                                                             PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

CARLOS E. BRADSHAW, ET AL.                              DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Eric Snodgrass, an individual currently serving a state sentence at the Northpoint Training Center, in Burgin, Kentucky, has submitted a *pro se* prisoner civil rights action, pursuant to 42 U.S.C. § 1983 and a Motion to Proceed *in forma pauperis*. The Motion will be granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as always for submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

CLAIMS

Plaintiff claims that in a certain prison disciplinary proceeding the named Defendant corrections personnel (1) committed an unreasonable search and seizure and deprived him of due process, in violation of the U. S. Constitution, specifically the Fourth, Fifth, and Fourteenth Amendments; and (2)

violated Kentucky's Constitution and its negligence law.

## NAMED DEFENDANTS

As the Defendants, the Plaintiff has listed the following personnel at the Northpoint Training Center ("NTC"): (1) Corrections Officer Carlos E. Bradshaw; (2) Deputy Warden Sharon Caudill; (3) Nurse Dolly Hamlin; (4) Nurse Practitioner Shelli Conyers-Votaw; (5) Nurse Patricia Reynolds; (6) Nurse Crystal York; (7) Adjustment Committee Officer/Chairman Lt. Roger D. Sowders; (8) Investigation Officer Lt. Randall Durham; and (9) Warden Steve Haney. He also names (10) the Commissioner of the Kentucky Department of Corrections, John Rees, as a Defendant.

## RELIEF REQUESTED

Plaintiff seeks injunctive relief and damages.

## FACTUAL ALLEGATIONS

Snodgrass has submitted a self-styled typewritten Complaint, to which he has attached 10 exhibits. The following is a summary or construction of the allegations contained in these documents.

On July 30, 2007, Defendant Corrections Officer Bradshaw wrote a disciplinary report claiming that he observed Plaintiff and another inmate, named Wilson, in a one-man shower together and describing Wilson as bent over naked, with the Plaintiff standing behind him with his penis between Wilson's buttocks. Plaintiff was charged with inappropriate sexual behavior with another inmate. Exhibit [hereinafter "Ex."] 1.

After Deputy Warden Caudill and Nurse Hamlin were notified, Snodgrass was approved for and taken to the administrative segregation area of the prison pending an investigation. Ex. 2. Another nurse, Defendant Shelli Conyers-Votaw, assessed Plaintiff there, reporting that he denied any sexual contact and writing that his penis had no lesions, his sphincter tone was good, and there was no

evidence of forced sexual activity. Ex. 3. On the same day, a third nurse, Defendant Reynolds, filled out a Sexual Acts Reporting Form, in which she described the act of Plaintiff and Wilson as consensual, but as to whether it was completed or attempted, she wrote "unknown." She left blank those portions of the form which asked for information not available immediately, *e.g.,* whether the act was substantiated by others and what sanctions were imposed. Ex. 4.

The disciplinary hearing was had on August 7, 2007, before Defendant Sowders, and Plaintiff had a legal aide with him for assistance. Snodgrass testified, insisting that there was no sexual contact. Nonetheless, he was found guilty, Sowders writing that he based his decision on Officer Bradshaw's detailed account of what he saw, and "Snodgrass has a history of this violation," this being his second conviction on the same charge in six months. Ex. 5. The Plaintiff was punished with a stay in special housing for 90 days, the forfeiture of 180 days of Good Time, and the assessment of $405.00 restitution. *Id.*

On appeal to Warden Haney, the Plaintiff continued to insist that no sexual contact took place; claimed that he was found guilty not on sufficient evidence of this offense, but for his past history; and argued that the punishment was too severe for an offense with no force or trauma involved. Ex. 9-10. The charge and punishments were deemed appropriate by the warden on September 6, 2007. Ex. 5.

Exhibit 6 is a group of documents on which the Plaintiff relied on his appeal and relies on today in challenging his conviction and punishment. They include a statement by the other inmate, Wilson, that nothing happened and Nurse Conyers-Votaw and Nurse Reynolds' reports after assessing Wilson after the incident. These assessments are identical to those which they wrote about Plaintiff.

Additionally, Plaintiff presents a letter which he wrote to Nurse Conyers-Votaw on August 20, 2007, in which he inquires into the reason that blood was drawn from him on that date. She responds

on August 22nd, stating that the blood drawn on August 20th was for two purposes: she had ordered a basic metabolic panel on 8/14/07 for use in his medical care; and on 8/20/07, when this blood was drawn, the "risky behavior labs were drawn" also. In a memorandum to the warden dated August 28, 2007, a copy of which Plaintiff later received, she explains the double purpose of the sample taken on the 20th; describes the risky behavior test as protocol which she began then, based upon his conviction for participating in risky behavior; and states that this must be redrawn at 6 weeks, 3 months, 6 months and one year, under guidelines from the Centers for Disease Control and under the requirements of Kentucky statutes. Nurse Conyers-Votaw also attaches a copy of the laboratory results. See Ex. 7-10.

Plaintiff claims that each of the named Defendants played a role in obtaining his wrongful conviction, for which he seeks restoration of the 180 days of Good Time credits; reimbursement of the $405.00 restitution ordered; and damages.

## DISCUSSION

Where a prisoner challenges the forfeiture of good time, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986). Before such relief is available, the prisoner must first request the restoration of his good time credits by exhausting available state remedies. *Preiser*, 411 U.S. at 489-90 and 499 n. 14; *see also Duckworth v. Serrano*, 454 U.S. 1 (1981) (per curiam).

The federal courts have consistently required the exhaustion of state court remedies as a prerequisite to such a filing. *See Irvin v. Dowd,* 359 U.S. 394, 406 (1959); *Click v. Ohio,* 319 F.2d 855 (6th Cir.1963); *Atkins v. Michigan,* 644 F.2d 543 (6th Cir.1981), *cert. denied,* 452 U.S. 964 (1981).

As in *Reaves v. Hofbauer*, 433 F.Supp.2d 833, 834 (S.D. Mich. 2006), the Court first considers what state-court remedies are available to the state prisoner who has brought a Section 2241 proceeding

for return of good time credits. Having done so, the Court finds that Kentucky provides an adequate remedy for restoration of good time credits. *See Ky. Rev. Stat.* Section 197.045 (good-time provisions); *Ky. Rev. Stat.* Section 419.020 (state habeas proceeding); *see also Eldridge v. Howard*, 427 S.W.2d 579 (1966) (state habeas proceeding). A state prisoner in this district may challenge the computation of good time credits in a Kentucky declaratory judgment action. *See O'Dea v. Clark*, 883 S.W.2d 888 (Ky. App. 1994); *Gilhaus v. Wilson*, 734 S.W.2d 808 (Ky. App. 1987); *Polsgrove v. Kentucky Bureau of Corrections*, 559 S.W.2d 736 (Ky. 1977).

From the face of the complaint, it appears that the Plaintiff has not instituted any state proceedings regarding the facts of this case. The time frame alone, including the fact that the appeal to the warden was just 2 ½ months before the instant filing, confirms that the Plaintiff would not yet have had time to exhaust state proceedings. In short, Snodgrass has not demonstrated exhaustion of the state court remedies, and his failure to raise these issues in the Kentucky circuit court and appellate courts precludes consideration of his claims by this Court. His complaint will be dismissed, without prejudice to his bringing a later action after exhausting his state court remedies.

This disposition herein, regarding the use of Section 2241, is consistent with the results obtained in cases involving the other habeas statute commonly used by state prisoners, 28 U.S.C. § 2254, which also requires exhaustion of state court remedies. *See Preiser v. Rodriguez,* 411 U.S. at 490; *Dixon v. Alexander,* 741 F.2d 121, 124-25 (6th Cir.1984); *Rose v. Lundy,* 455 U.S. 509 (1982). The state's highest court must have an opportunity to review the claims. *Castillo v. Peoples,* 489 U.S. 346, 350-51 (1989). For a discussion of the similarities of the two types of habeas proceedings, see *Frazier v. Hesson*, 40 F.Supp.2d 957, 964-65 (W.D. Tenn. 1999).

If the Plaintiff is successful in overturning the conviction in state court, he may then file a civil

action for damages based on the unconstitutional disciplinary proceedings. In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court ruled that a prisoner cannot use Section 1983 to challenge prison procedures employed to deprive him of good-time credits when the alleged procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." *Id* at 648. Only after the disciplinary conviction has been overturned or otherwise invalidated, such as in a state habeas or Section 2241 proceeding, may the prisoner sue for damages for the defects in the disciplinary proceedings. *Id*. Therefore, upon this Plaintiff's having achieved the invalidation of his disciplinary proceeding, he can bring his claims for damages under 42 U.S.C. § 1983 in either federal or state court.

To the extent that the instant Plaintiff has included claims arising under Kentucky's Constitution and its negligence law herein, he is advised that these are state claims over which the federal court has no jurisdiction, absent a federal cause of action. As the federal claims in this petition will be dismissed, so, too will the pendent state claims be dismissed, again without prejudice. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.,* 24 F.3d 781 (6th Cir.1994); *Kitchen v. Chippewa Valley Schs.,* 825 F.2d 1004 (6th Cir.1987).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 18th day of December, 2007.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**